**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

| | | |
|---|---|---|
| **KENNY JAMES TRAVIS** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **Case No. 3:06CV0009WRW** |
| | * | |
| **MICHAEL RUSSELL**, *et al.,* | * | |
| | * | |
| **Defendants** | * | |

**ORDER of DISMISSAL**

Plaintiff, filed this action while he was a pretrial detainee at the Craighead County

Detention Facility.  In response to the Court's Order (docket entry #5), on April 20, 2006, he

submitted a request to proceed *in forma pauperis* (docket entry #8).  Thereafter, on May 4, 2006,

he filed a change of address indicating his release from prison (docket entry #10).  After

carefully reviewing Plaintiff's pleadings, the Court concludes that this action must be dismissed

for failure to state a cognizable claim for relief under § 1983, and all pending motions will be

denied as moot.

A litigant who seeks to be excused from paying the filing fees in a federal case may apply

for *in forma pauperis* status under 28 U.S.C. § 1915. To qualify for IFP status, the litigant must

demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1).

However, under section 1915(e)(2)(B)(ii), a District Court shall dismiss a complaint filed *in*

*forma pauperis* at any time if the action fails to state a claim on which relief may be granted.

*Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999); *Christiansen v. Clarke*, 147 F.3d 655, 657

(8th Cir. 1998) (dismissing IFP complaint for failure to state a claim before service of process

and without leave to amend); *See Carney v. Houston*, 33 F.3d 893, 895 (8th Cir. 1994).  A complaint is dismissed for failing to state a claim upon which relief may be granted if, after taking all facts alleged as true and drawing all reasonable inferences in favor of the non-moving party, the court finds no possible set of facts under which plaintiff would be entitled to relief. *See* Fed. R. Civ. P. 12(b)(6).

Following up on statements made in the Complaint, the Court has confirmed with the Circuit Clerk's Office for Mississippi County that felony murder charges are pending against Plaintiff in case 2005-184.  A jury trial is scheduled before Judge Victor Hill for August 3, 2006. In the action, Plaintiff is represented by private counsel, Bill Stanley, with McDaniel and Wells located in Jonesboro, Arkansas.

In the Complaint, Plaintiff alleges that J.W. Hall was murdered before he was due to appear in federal court on drug and firearm charges.  Plaintiff states that he was a key witness for Mr. Hall, who was to "turn in a lot of hi-official who was involve in Mr. Hall case."  Plaintiff alleges that he was Mr. Hall's bookkeeper, and officers knew that he was going to give up Hall's connections so they used Plaintiff's friend, Andre Love, to murder Mr. Hall and set Plaintiff up to take the fall.

Sergeant Michael Russell was assigned to Hall's murder case by Chief Rigsby, who Plaintiff alleges was party Hall's "Big Connections" and the individual who ordered Andre Love to kill Mr. Hall.  Hall is alleged to have stated on one occasion that Chief Rigsby "played both sides of the field."  Plaintiff alleges that Rigsby was selling Mr. Hall "guns off the streets."

Plaintiff alleges that Sergeant Russell does not like him because Plaintiff was having an affair with Russell's girlfriend.  Apparently in connection with other unrelated criminal matters

or investigations, Russell is alleged to have called Plaintiff "Nigger" and expressed hope that "Judge David Burnett kill (Travis) ass."  In 2004, he is asserted to have given Plaintiff a "false drug charge" that was "none process" and raided Plaintiff's residence in 2005 taking $5,000 and books belonging to Mr. Hall.

In connection with the pending murder charges, in his Complaint Plaintiff alleges that officers induced his girlfriend, Aquailia Ramsey, to make a statement reflecting that he killed Hall.  Lt. Collins is alleged to have covered up for Andre Love, his nephew, knowing that Love murdered Hall.  Plaintiff asserts that Love has told investigators "everything he did" and his statements have appeared in newspaper articles.  Plaintiff also alleges he has a handwritten letter from Kevin Ransom, who Plaintiff asserts was induced by police to make a false statement implicating Plaintiff in the murder even though Ransom actually assisted Love in committing the murder.

Plaintiff alleges that investigator Grimes with the State Police refused to give him a lie detector test or drug test, and refused to listen to Plaintiff's side of the story.  Plaintiff asserts that he has recordings of "hi-official" trying to "make deals" with him that Grimes does not even know about.  Plaintiff alleges that his attorney has all of the recordings to show "public corruption."  In another pleading, Plaintiff asserts that his attorney his "all evidence to show I am innocent" (docket entry #2).

Ms. Hall, the victim's wife, allegedly was paying state Judge Burnett and the prosecutor money to keep Plaintiff locked up.  Plaintiff asserts that local police cleaned up the murder scene.  Plaintiff requests that the Court ensure he is treated equally in his state criminal action and appoint a federal agent to follow his state criminal case.  In addition to the Complaint, the

Court has reviewed Plaintiff's letters and other filings that set forth his claim of innocence on the criminal murder charges.

In *Younger v. Harris*, the Supreme Court held that a federal court may not interfere with a pending state criminal proceeding. 401 U.S. 37, 41 (1971). The Court explained the rationale for such abstention as follows:

> [T]he concept [of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id.* at 44.   Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Moore v. Sims*, 200 F.3d 1170 (8th Cir. 2000) (plaintiff's claim that evidence was unlawfully planted was Heck-barred and therefore properly dismissed); *Moore v. Novak*, 146 F.3d 531, 535-36 (8th Cir.1998) (plaintiff convicted of assaulting officer was barred from bringing § 1983 claim that officer destroyed or secreted videotape of incident).  If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."  *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

The state clearly has an important interest in enforcing its criminal laws.  Moreover, Plaintiff is represented by a private attorney that he has retained in his state criminal action, and

Plaintiff will be able to make his arguments regarding law officer misconduct to the state court judge. Plaintiff asserts that his attorney has all of the evidence to prove his innocence to a jury and to expose public corruption.  Thus, any injury will be eliminated by his defense to the state prosecution.  This Court does not have the authority to appoint a federal agent to track his state case.  This would amount to nothing more than a federal audit of ongoing state criminal proceedings.[1]

If Plaintiff is convicted of any crimes in state court, he should fully appeal his convictions to the highest state court. If he does not prevail in state court, he should then file a federal habeas petition challenging the constitutionality of his state criminal convictions. If, and only if, Plaintiff prevails in that habeas action, may he then file a § 1983 claim for damages. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (explaining that a prisoner must file a § 2254 habeas petition--and not a § 1983 claim--to challenge the legality of his state criminal conviction); *Heck*

---

[1]Any claim for damages in this action would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-80 (1994). In *Heck v. Humphrey*, the Supreme Court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus. The Supreme Court further directed that when reviewing a state prisoner's § 1983 complaint for damages this Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 487.  Even though this action is pre-conviction, the rationale of *Heck* applies because a pre-conviction § 1983 claim for damages, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charges. If such a pre-conviction § 1983 claim could proceed while state criminal proceedings are ongoing, then there would be the potential for inconsistent determinations in the civil and criminal cases.

*v. Humphrey*, 512 U.S. 477 (1994); 28 U.S.C. § 2254(b) and (c) (providing that a prisoner can only file a federal habeas action challenging the constitutionality of a state criminal conviction after he has given the highest state court an opportunity to rule on the constitutional issue).

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice, and that the dismissal of this case counts as a  "strike" as defined by 28 U.S.C. § 1915(g).  All pending motions are DENIED as moot.

DATED this 1st day of June, 2006.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE